IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEY C. ROBERTSON, | No. 4:21-CV-01989 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| COMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Respondents. | |

MEMORANDUM OPINION

SEPTEMBER 14, 2022

## I.    BACKGROUND

Petitioner, Jamey C. Robertson, an inmate confined in the State Correctional Institution, Huntingdon, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S. C. § 2254.[1]  He attacks a conviction imposed by the Court of Common Pleas for Lebanon County, Pennsylvania.[2]  He raises the following four issues for review:

1.  The trial court erred and/or abused its discretion when it denied Defendant PCRA petition as untimely.

2.  The trial Court erred and/or abused its discretion when it failed to issue defendant a new trial after he presented "newly discovered evidence" for PCRA purposes.

3.  The trial courts error and/or abused its discretion resulted in a decision that was contrary to, or involved an unreasonable

---

[1]   Doc. 1.
[2]   *Id*.

application of, clearly established federal law as determined by the Supreme Court of the United States Defendant presented *Jerry Fayette*, 897 F.3d 154 (2018).

4. The Superior Court erred and/or abused its discretion when it denied Defendant resentence.[3]

On June 9, 2022, Petitioner filed a supplement to his petition, adding the following two claims for relief:

1. The decision by both the Pennsylvania Superior Court and PCRA court to deny Petitioner's PCRA as untimely was an unreasonable determination of the facts in light of the evidence presented. In the alternative, PCRA counsel was ineffective for failing to investigate.

2. Evidence presented during the timeliness hearing for Petitioner's PCRA showed that Petitioner, who is actually innocent, was denied due process and effective assistance of counsel in accordance with U.S.C.A. VIII & VI and has suffered due to a fundamental miscarriage of justice.[4]

Presently before the Court is Respondents' motion to dismiss the above captioned action for lack of jurisdiction.[5] Respondents move for dismissal, arguing that the instant petition for writ of habeas corpus is a second and successive petition, filed without first obtaining authorization from the United States Court of Appeal for the Third Circuit, as is required by 28 U.S.C. § 2244(b)(3).[6] Specifically, Respondents cite to the late Honorable William J. Nealon's October 3, 2014 Memorandum and Order denying Robinson's petition

---

[3] *Id.*
[4] Doc. 24.
[5] Doc. 30.
[6] *Id.*

application of, clearly established federal law as determined by the Supreme Court of the United States Defendant presented *Jerry Fayette*, 897 F.3d 154 (2018).

4. The Superior Court erred and/or abused its discretion when it denied Defendant resentence.[3]

On June 9, 2022, Petitioner filed a supplement to his petition, adding the following two claims for relief:

1. The decision by both the Pennsylvania Superior Court and PCRA court to deny Petitioner's PCRA as untimely was an unreasonable determination of the facts in light of the evidence presented. In the alternative, PCRA counsel was ineffective for failing to investigate.

2. Evidence presented during the timeliness hearing for Petitioner's PCRA showed that Petitioner, who is actually innocent, was denied due process and effective assistance of counsel in accordance with U.S.C.A. VIII & VI and has suffered due to a fundamental miscarriage of justice.[4]

Presently before the Court is Respondents' motion to dismiss the above captioned action for lack of jurisdiction.[5] Respondents move for dismissal, arguing that the instant petition for writ of habeas corpus is a second and successive petition, filed without first obtaining authorization from the United States Court of Appeal for the Third Circuit, as is required by 28 U.S.C. § 2244(b)(3).[6] Specifically, Respondents cite to the late Honorable William J. Nealon's October 3, 2014 Memorandum and Order denying Robinson's petition

---

[3] *Id.*
[4] Doc. 24.
[5] Doc. 30.
[6] *Id.*

for writ of habeas corpus and his subsequent October 20, 2014 Order, denying Petitioner's request for a certificate of appealability.[7] A notice of appeal was filed on October 28, 2014 and, on June 23, 2015, the Third Circuit denied Petitioner's application for a certificate of appealability.[8] Thus, Respondents seek dismissal of the instant petition as an unauthorized second or successive petition.

For the reasons that follow, the Court will grant the Respondents' motion to dismiss for lack of jurisdiction. The Court will also grant Petitioner's motion to transfer the above captioned action to the Third Circuit.

## II.  DISCUSSION

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application'."[9] Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas corpus petition in federal district court. However, the AEDPA does not define the phrase "second or successive."[10]

---

[7]  Doc. 32 at 31. *See also Robertson v. PA Atty. General*, 2014 WL 4977508, No. 4:cv-10-0833 (M.D. Pa. Oct. 3, 2014).
[8]  *Id*.
[9]  *Banister v. Davis*, 140 S.Ct. 1698, 1702 (2020) (quoting 28 U.S. C. § 2244(b)).
[10]  *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this procedure for second or successive application, it does not define what it is meant by 'second' or 'successive'.").

3

A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA if it attacks a different criminal judgment or if the earlier petition was dismissed without an adjudication on the merits, e.g. if the dismissal was based on petitioner's failure to exhaust state court remedies, or if the petition was premature.[11]  Yet, the dismissal of a § 2254 petition with prejudice, e.g., for failure to comply with the one–year statute of limitations, constitutes an adjudication on the merits that renders subsequent § 2254 petitions challenging the same conviction second or successive under § 2244(b).[12]  Thus, the bar on unauthorized second habeas petitions must be addressed when the petitioner has previously filed a federal habeas petition challenging the same judgment, and the prior petition was adjudicated on the merits.

Where a state inmate presents a second or successive petition attempting to raise a new claim, Section 2244(b)(3) requires the prisoner to first seek an order from the appropriate court of appeals authorizing the filing of such claim.  A district court may not consider a successive petition in the absence of such authorization.

If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the

---

[11] *See Stewart v. Martinez–Villareal*, 523 U.S. 637, 643– 46 (1998); *United States v. Santarelli*, 929 F.3d 95, 104–105 (3d Cir. 2019).

[12] *See Stokes v. Gehr*, 399 F. App'x 697, 700 n.2 (3d Cir. 2010) (non–precedential) (a motion under § 2254 would be "second or successive" when [the] first petition is dismissed as untimely.")

4

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."[13]  Here, Robertson's previous habeas petition, which was adjudicated on the merits, renders his present § 2254 petition challenging the same conviction a "second or successive" petition under § 2244(b).  Robertson may not file a second federal habeas petition challenging his Lebanon County conviction without first obtaining leave of the Third Circuit.  There is no indication in the Petitioner's filings that he applied to the Third Circuit for such authorization.  The court therefore lacks jurisdiction to consider his present petition.

Because Petitioner did not receive permission from the Third Circuit to file his second petition, that petition must either be dismissed for lack of subject matter jurisdiction or transferred to the Third Circuit pursuant to 28 U.S.C. 1631.[14] When determining whether to transfer a habeas action to a court of appeals, the district court should "consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision."[15]  The habeas statute provides that a court must dismiss a second or successive habeas petition unless:

---

[13] *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).
[14] *Id.*
[15] *Lee v. Lane*, No. 1:15-CV-2195, 2017 WL 3167410, at *3 (M.D. Pa. June 23, 2017) (citations omitted); *see Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (*per curiam*) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).

5

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[16]

The Court has reviewed the grounds for relief raised in Petitioner's second Petition and finds that the factual premise of his second ground for relief regarding the newly discovered evidence witness Leon Iverson (1) was not previously raised in his first Petition and (2) appears to allege facts to support a claim for newly discovered evidence pursuant to 28 U.S.C. § 2244(b)(2)(B).[17]  The Court will therefore grant Petitioner's motion to transfer the petition to the Third Circuit pursuant to 28 U.S.C. § 1631.

## III    CONCLUSION

The Court finds that it is without jurisdiction under 28 U.S.C. § 2244(b)(4) to consider Robertson's second petition because he has not sought and received permission from our Court of Appeals to file a second or successive habeas petition pursuant to § 2244(b)(3).  For the reasons explained herein, the Court, in

---

[16]   28 U.S.C. § 2244(b)(2).
[17]   The Court expresses no opinion regarding the merits of Petitioner's second ground for relief.

lieu of dismissal, will grant Petitioner's motion and transfer the matter to the Third Circuit pursuant to 28 U.S.C. § 1631.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
